986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael CLEMENZ and Brenda Clemenz, husband and wife,
Plaintiffs-Appellants,
v.
SEARS, ROEBUCK AND COMPANY, a New York corporation; Emerson
Electric Co., a Missouri corporation, Defendants-Appellees.
 No. 92-6068.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1993.
 
 1
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 LEWIS T. BABCOCK, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument; appellant's separate motion for oral argument is denied.
 
 
 5
 * Plaintiffs Michael and Brenda Clemenz commenced this products liability action against defendants following an injury accident which occurred while Michael Clemenz was operating a table saw manufactured by Emerson and sold by Sears. The complaint alleged claims for 1) failure to warn of defects and unreasonably dangerous hazards, 2) breach of warranties, and 3) loss of consortium. In their products liability claim, plaintiffs alleged that the table saw was defective because, among other reasons, a safety device called a miter gauge clamp was not included as a standard accessory but, instead, could be purchased separately as an option, and the owner's manual failed to warn of the danger of kickbacks during miter cuts and contained illustrations showing the saw being used with the optional miter gauge clamp, and not without the clamp, as purchased.
 
 
 6
 Defendants moved for partial summary judgment on the products liability claim, based in large part on deposition testimony by Michael Clemenz regarding his knowledge and experience in using table saws, and, more specifically, his understanding of the purpose of the miter gauge clamp. The record indicates that the saw Michael Clemenz was operating at the time of the accident was not equipped with a miter gauge clamp. The owner's manual described it as an optional accessory providing greater accuracy when making miter cuts. Michael Clemenz stated in his deposition testimony that he had read the owner's manual for "a couple of hours" when first receiving the saw, and that, from reading the owner's manual, he concluded that the miter gauge clamp was a safety feature. Defendants argued that 1) Michael Clemenz was aware that the miter gauge clamp was available as optional equipment, and 2) he was an experienced user of table saws, satisfying any duty to warn on the defendants' part.
 
 
 7
 In response to defendants' motion for partial summary judgment, plaintiffs argued that the deposition testimony did not show that Michael Clemenz knew what a miter gauge clamp was or that he considered it to be a safety option before the accident, but rather, in answering the deposition questions, he "had the opportunity of hindsight." Appellant's App. at 92. The district court granted defendants' motion for partial summary judgment, ruling that 1) Michael Clemenz was a knowledgeable or sophisticated user of table saws, resulting in no duty to warn, 2) Michael Clemenz's testimony supported defendants' arguments that he knew about the safety purpose of the miter gauge clamp before the accident, and 3) plaintiffs did not present specific evidence supporting their contention that Michael Clemenz did not know about the safety purpose of the miter gauge clamp before the accident.
 
 
 8
 Plaintiffs subsequently filed a motion to reopen the judgment, supported by an affidavit from Michael Clemenz stating that he did not know about the safety purpose of miter gauge clamps before the accident. The district court denied the motion to reopen, commenting that plaintiffs appeared to want a second pass at meeting their burden to oppose defendants' summary judgment motion.
 
 
 9
 Defendants also moved for summary judgment on the remaining warranty and loss of consortium claims. Plaintiffs elected to stand on the pleadings; the district court granted the motion, leaving no claims remaining in the case. Judgment for the defendants was filed January 24, 1992. Plaintiffs filed a timely notice of appeal, designating both summary judgment rulings, the denial of the motion to reopen, and the final judgment as the decisions from which they appeal.
 
 II
 
 10
 On appeal, plaintiffs raise only two issues: 1) whether the district court erred in granting partial summary judgment on plaintiffs' products liability claim, in light of "inconclusive" deposition testimony, and 2) whether the district court erred in denying plaintiffs' motion to reopen by failing to consider Michael Clemenz's affidavit, submitted "for the purpose of clarification" of his previous deposition testimony.
 
 
 11
 Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. "We review the grant or denial of summary judgment de novo. We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c)...." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990) (citations omitted). We review the district court's denial of the motion to reopen under an abuse of discretion standard. Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir.1992). Applying these standards, we affirm.
 
 
 12
 Reviewing the district court's ruling on plaintiffs' motion to reopen first, we conclude that the court did not abuse its discretion in denying that motion. Plaintiffs failed to produce the evidence contained in Michael Clemenz's affidavit in response to defendants' summary judgment motion. Plaintiffs' motion to reopen contains no compelling reason why the affidavit was not presented in support of their initial response. This was evidence available at the time of defendants' motion for summary judgment which, for some reason, plaintiffs chose not to present. The district court's refusal to consider this evidence was not an abuse of its discretion. See Howell Petroleum Corp. v. Leben Oil Corp., No. 91-6156, 1992 WL 246159, at * 8 (10th Cir. Oct. 2, 1992). Accordingly, our review of the district court's summary judgment ruling does not encompass the affidavit submitted with plaintiffs' motion to reopen.
 
 
 13
 "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991), but "we must view the record in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). " 'The moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment....' " Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir.1991) (quoting Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987)). Once the moving party meets this initial burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics, 912 F.2d at 1241 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).
 
 
 14
 On appeal, plaintiffs argue that the district court erred in ruling that defendants had met their initial summary judgment burden on the issue of when Michael Clemenz learned of the safety purpose of the miter gauge clamp. They contend that the deposition testimony, when viewed in a light most favorable to the plaintiffs, is "clearly inconclusive" on this question.
 
 
 15
 After a careful review of the record on appeal, we agree with the district court that defendants met their initial summary judgment burden and, moreover, that plaintiffs failed to present specific, factual, evidence controverting that showing. Plaintiffs argue that Michael Clemenz had the benefit of hindsight at the deposition and, therefore, his testimony about his understanding at the time of the deposition, not before the accident. After our careful review of the record on appeal, we conclude that no reasonable juror could have found for plaintiffs on this point. The deposition testimony cannot reasonably be viewed as supporting plaintiffs' contention that Michael Clemenz learned about the availability and purpose of the miter gauge option by reviewing the owner's manual after his accident. Therefore, the district court's ruling was not in error.
 
 
 16
 Plaintiffs also argue that the district court's finding that Clemenz was a sophisticated user of table saws was a factual issue which should have been left for a jury to decide. The existence of a factual issue does not preclude summary judgment where there is no evidence to support a dispute on that issue or the evidence is so one-sided that no reasonable juror could find for the other side. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986); Williams v. Borden, Inc., 637 F.2d 731, 738 (10th Cir.1980). Here, all the evidence before the district court supported defendants' argument that Clemenz was a sophisticated user. No evidence controverted that finding, and plaintiffs have pointed to none on appeal. Accordingly, the district court ruling on that point was not in error.
 
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3